IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


DINO M. GENTILE,
        Petitioner,

vs.                                             Case No. 3:07cv255/LAC/EMT

ALBERTO R. GONZALEZ,
        Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a second amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 8).  Respondent filed a motion to dismiss, to which Petitioner responded (Docs. 14, 16).   This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  As explained below, this court recommends that the pending petition be dismissed.

I.      BACKGROUND

Petitioner is a federal inmate housed at the United States Penitentiary in Lompoc, California (Doc. 8 at 1).  On August 31, 1999, Petitioner was convicted in the United States District Court for the Northern District of Florida, Case No. 3:99cr10/LAC, of armed bank robbery, in violation of 18 U.S.C. § 2113(a, d), and possession of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (*see* Doc. 8 at 2; Case No. 3:99cr10/LAC, Doc. 31).  He was sentenced to a total of 495 months of incarceration (135 months on the bank robbery count and a consecutive term of 360 months on the possession of a firearm count), pursuant to the Sentencing Reform Act of 1984 (*id.*).  Petitioner appealed the judgment of conviction and sentence to the Eleventh Circuit Court of Appeals, but the court affirmed the judgment (*see* Doc. 8 at 2; Case No. 3:99cr10/LAC, Doc. 51). United States v. Gentile, 218 F.3d 747 (11th Cir. May 26, 2000) (Table).  Petitioner states he

previously sought relief from his conviction by filing a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 (*see* Doc. 8 at 2; Case No. 3:99cr10/LAC, Doc. 59). The district court denied the Section 2255 motion on March 11, 2002 (Case No. 3:99cr10/LAC, Doc. 74). Petitioner appealed the decision to the Eleventh Circuit, but the appellate court dismissed the appeal for failure to prosecute on July 18, 2007 (*see* Doc. 8 at 2, Case No. 3:99cr10/LAC, Doc. 116).

In the instant habeas petition, Petitioner raises the following claims:

Ground one:  Public Law 80-773 is unconstitutional on its face, making 28 U.S.C. §§ 2255 & 2241 null and void ab initio, and allowing Petitioner to raise this petition pursuant to 28 U.S.C. § 451 (1940), et seq.

Ground two:  Public Law 80-772 and therefore 18 U.S.C. §§ 3231, 2 were never enacted into positive law, are unconstitutional on their face, and are void ab initio, rendering Petitioner's indictment and conviction null and void as a matter of law.

Ground three:  Petitioner's counsel was ineffective as a matter of law. Basic to the requirement of effective counsel as required by the Sixth Amendment to the Constitution of the United States, is the requirement that counsel research the facts and law related to the trial court's jurisdiction over Petitioner:  personal, venue, and subject matter.

Ground four:  The government comes to these proceedings having committed a fraud on the court, with unclean hands, in bad faith, and in violation of the principle of fair dealing.

(Doc. 8 at 3–5). Respondent contends that the petition should be dismissed on the grounds that the court lacks jurisdiction to consider it under Section 2241 because Petitioner is not incarcerated in this district, and if the court construes the petition as a Section 2255 motion, it is untimely and an unauthorized second or successive motion (*see* Doc. 15 at 1–3).

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789. *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952). Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed, rather than where the prisoner was confined, in 1948 Congress

enacted Section 2255 of Title 28.  *See* Hayman, 342 U.S. at 212–14; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).  The language of Section 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the imposition of a sentence, while leaving Section 2241 available to challenge the illegal execution of an otherwise legally imposed sentence.  *See* United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990); Martorana v. United States, 873 F.2d 283, 285 (11th Cir. 1989).  When a defendant has previously filed a Section 2255 motion, he must apply for and receive permission from the court of appeals before filing a successive Section 2255 motion.  28 U.S.C. §§ 2244(b)(3), 2255.

A defendant who filed a previous § 2255 motion and was denied relief may not circumvent the rule restricting successive motions simply by filing a petition under Section 2241.  *See* Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).  Although jurisdiction under Section 2241 may be found through what has been referred to as the "savings clause" of Section 2255,[1] this remedy is available only if Petitioner establishes that the Section 2255 remedy is inadequate or ineffective. *See* Wofford, 177 F.3d at 1245; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979);[2] Lane v. Hanberry, 601 F.2d 805 (5th Cir. 1979).  In Wofford, the Eleventh Circuit stated:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and; 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244.  The savings clause only applies if the prisoner has satisfied all three elements. *See id.*  This showing is significant because a prisoner does not "open the portal" to a Section 2241 proceeding until he has demonstrated that the savings clause applies to him. *See id.* n.3.  "Once the

---

[1]The "savings clause" provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, underline it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (emphasis added).

[2]In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

savings clause . . . applies to open the portal to a [section] 2241 proceeding, the proper inquiry . . . will be whether the petitioner can establish actual innocence of the crime for which he has been convicted. . . ." *Id.*

Initially, although Petitioner characterizes his petition as brought under a former version of Section 2241, specifically, 28 U.S.C. § 451 (1940) (*see* Doc. 8 at 1), that version is no longer effective and, therefore, cannot provide a jurisdictional basis for the instant petition.  Additionally, because Petitioner challenges his conviction and imposition of sentence, he must bring his challenge under Section 2255.  Petitioner apparently recognizes that claims like the ones presented in the instant petition must normally be presented in a motion attacking the conviction pursuant to Section 2255; however, Petitioner states that Section 2255 is "inadequate or ineffective" because that statute was not properly enacted and is, therefore, unconstitutional (*see* Doc. 8 at 3).

Petitioner has not even attempted to comply with the first element of the three-part Wofford test because he has made no argument that any of his claims are based on a retroactively applicable Supreme Court decision.  Therefore, Petitioner may not use the savings clause of Section 2255 to enable him to file a Section 2241 petition.  Furthermore, this court will not construe the instant petition as a Section 2255 motion because Petitioner has failed to show that he has obtained authorization from the Eleventh Circuit to file a second or successive motion under Section 2255. Finally, to the extent Petitioner asserts that his habeas petition should proceed because he cannot pursue his claim in another Section 2255 motion, the Eleventh Circuit has rejected this argument. *See* Wofford, 177 F. 3d at 1244–45 (restrictions on successive section 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause). Since Petitioner is plainly not entitled to pursue the relief he seeks under Section 2241, and this court is not authorized to consider his claims under Section 2255, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's Motion to Dismiss (Doc. 14) be **GRANTED**.

2.      That the second amended petition for writ of habeas corpus (Doc. 8) be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

At Pensacola, Florida this <u>30</u><sup>th</sup> day of January 2008.


<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**



## <u>NOTICE TO THE PARTIES</u>

   **Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**